UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTHA S. REY                          CIVIL ACTION NO. 08-cv-0089

VERSUS                                 REFERRED TO:

U.S. COMMISSIONER SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

Martha Rey ("Plaintiff") filed an application for benefits based on both physical and mental problems. ALJ W. Thomas Bundy held a hearing and then examined the claim under the five-step sequential analysis. At step two, he found that Plaintiff had the following severe impairments: obesity, major depressive order, and personality disorder. The ALJ then reviewed the medical evidence and testimony and determined that Plaintiff has the residual functional capacity ("RFC") to perform light work activity, except for moderate limitations in some mental/social areas. Light work includes standing and walking for up to six hours in an eight-hour work day and sitting intermittently during the remaining time.

Plaintiff testified at the hearing that she had worked as a cashier at Thrifty Liquor and at other cashier-type jobs. The ALJ asked the vocational expert ("VE") if a person with Plaintiff's RFC could perform the demands of any of Plaintiff's prior jobs. The VE testified that Plaintiff could perform the prior jobs, except for the liquor store cashier, which is heavy work. Tr. 217-18. The ALJ accepted that testimony and found at step four that Plaintiff was capable of returning to her past relevant work as a cashier at a light level of exertion.

Plaintiff complains on appeal that the ALJ's decision is not supported by substantial evidence because, primarily, the ALJ did not discuss the results of an MRI that revealed disk herniation and protrusion which would support Plaintiff's claim that she could not perform the standing requirements of a cashier job. Plaintiff testified at the hearing that her most serious medical problems were her mental illness and her back, which she described as equally bothersome. Tr. 218. Plaintiff said the only time her back did not hurt is when she was on medication, and she had not had any pain medication in a long time. Plaintiff said she also had problems with her neck, stemming from a car accident years earlier, and it caused pain that radiated into her shoulders and head. Tr. 221-22. Plaintiff testified that she did not then take any medication for her back pain because what was given her was anti-inflammatory and did not help for pain. She said she was taking OTC Excedrin Back and Body. She said that she left her last job at Thrifty Liquor in 2005 because her nerves were bad from being scared in the bad neighborhood and "my back was so bad, I couldn't work anymore." Plaintiff added, "I couldn't stand there on that concrete all day." Tr. 215-16.

The ALJ did not list any back or neck disorder as a severe impairment, but he did otherwise discuss in various parts of his decision Plaintiff's complaints of low back pain and neck pain. For example, he noted that Plaintiff had been seen in the Family Medicine Clinic in April 2006 for complaints of low back pain and neck pain. On exam, Plaintiff had a normal gait and station, with tenderness to palpation of the lumbar and cervical spine. She had normal strength in her upper extremities. Tr. 136-41. Plaintiff reported to the emergency

room in April 2007 with complaints of back pain. She said she had been taking Tramadol but felt dizzy and stopped taking it. Plaintiff was diagnosed with lumbar strain, given Naproxen, and told to rest. Tr. 168-69.

The ALJ mentioned these visits in his decision, as well as Plaintiff's testimony that she stopped working due to back pain. After considering the evidence discussed above, the ALJ found that Plaintiff's testimony about the extent of her symptoms was not entirely credible. He reasoned that Plaintiff had sought treatment for back and neck pain only on rare occasions and was not receiving any treatment, indicating to him that the pain was not as limiting as alleged. Tr. 21. The ALJ later on again recognized the complaints of low back pain and neck pain. He described the findings on examinations as "minimal" and again noted the lack of any medication for the alleged pain, but he recognized that Plaintiff's obesity could (together with the back pain) reasonably limit Plaintiff's ability to lift and carry heavy objects. He added that other work-related functions were not significantly limited. Tr. 22.

Plaintiff urges that the ALJ overlooked an important piece of evidence that would have bolstered her credibility about the extent of her neck and back symptoms. It is an MRI performed in July 2006. The physician's impression was posterior disk herniation at C5-C6 and C6-C7; posterior disk herniation at T2-T3 and T3-T4; and posterior disk protrusion at T6-T7.

An ALJ need not discuss every piece of evidence in the record, but he may not ignore a significant line of evidence that is in contradiction to the ALJ's findings and that could reasonably cast doubt on the result. See Francois v. Commissioner, 158 F.Supp.2d 748, 766

(E.D. La. 2001); Social Security Law & Practice, § 53:11 (Comprehensive and Analytical Findings). Not every disk herniation leads to pain, so the mere presence of the report does not mean that Plaintiff's testimony must be accepted regarding her symptoms, but the report of the disk herniations is a material piece of evidence regarding the credibility of Plaintiff's claims, and the undersigned cannot say with confidence that the result is supported by substantial evidence when what is perhaps the most important clinical evidence on the issue was not discussed. The record of this case is lengthy, with records regarding physical and mental claims, and the report is a single piece of paper to which no reference was made at the hearing. The ALJ otherwise thoroughly discussed the record, so an omission of a discussion of this report was likely due to inadvertence.

The undersigned could attempt to decide the relative strength of the report, but it is the role of the ALJ to first address such evidence and, if warranted, gather additional medical evidence or reports to flesh out the issues. The court's proper role is confined to examining the agency's decision for substantial evidence. For the undersigned to attempt to decide the case, without any prior discussion by the agency about the relative weight or meaning of this potentially important report, would not be appropriate. Under these circumstances, the Commissioner's decision is not supported by substantial evidence, and the case will be remanded to the agency for further proceedings.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge

whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE